IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ESTELLE DIANE JOHNSON                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 1:10-CV-125-GHD-JAD

LOWNDES COUNTY VFW POST #4272 AND
JOHN DOES 1-25                                                                          DEFENDANTS

## OPINION DENYING MOTION TO REMAND AND
## GRANTING *SUE SPONTE* MOTION TO REMAND

Presently before the Court is Defendants Lowndes County VFW Post #4272 and John Does 1-25's (collectively "Defendants") motion to dismiss (docket entry 6). However, having reviewed the motion and responses, the Court finds it must address its subject matter jurisdiction as a threshold matter. Upon due consideration, the court makes the following findings.

*A. Factual Background*

Estelle Dianne Johnson ("Plaintiff") was hired in August of 2008 by VFW Post 4272 as a bartender for the VFW's Lounge. Plaintiff was suspended from her employment with the VFW on November 29, 2009, and her employment was ultimately terminated allegedly due to her purchase of internet service for her personal use at the expense of the VFW. On April 1, 2010, Plaintiff filed her Complaint in the Circuit Court of Lowndes County, Mississippi alleging sexual harassment and defamation and libel *per se*. The VFW was served with a copy of the Complaint on April 26, 2010, and removed the action based on federal question jurisdiction to this Court on May 6, 2010. The VFW does not now, and never did during Johnson's tenure as an employee, employ fifteen or more employees. Prior to filing the instant lawsuit, Johnson never filed a charge of discrimination with the EEOC alleging sexual harassment or any other claim.

## B. Standard for Remand and Discussion

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists where the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In addition, the Act provides that "[a]ny civil action of which the district courts of the have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Therefore, subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Court may address the issue of subject matter jurisdiction on its own motion when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). *See also McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) (holding that "any federal court may raise subject matter jurisdiction sua sponte") (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The Court first notes that, normally, in removed cases in which the Court lacks subject matter jurisdiction, remand rather than dismissal is the proper

remedy. The Court may remand a case on the basis of subject matter jurisdiction at any time prior to entering a final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded."). The district court has a duty, with or without a motion, to dismiss an original suit or to remand a removed one whenever it appears that the suit does not really and substantially involve a controversy of which the court has jurisdiction. *Girland v. Kimbell Milling Co.*, 116 F.2d 999, 1000 (5th Cir. 1941); 28 U.S.C. § 1447(c).

In the case *sub judice*, Plaintiff argues that she has not made a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. but is making a state court claim only. Defendant argues that Plaintiff has failed to comply with Title VII and has no claim. Review of the pleadings clearly shows there is no Title VII claim. Therefore, there is no federal question at issue which was the basis for removal to this Court. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. Conclusion

The Court holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is not present - the matter in controversy does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, the Court does not possess jurisdiction to adjudicate this cause. Therefore, the cause must be remanded.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of September, 2010.

_____
Senior Judge